IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DONZELL A. JONES,

                    Plaintiff,

          v.                          CASE NO.   12-3211-SAC

DISTRICT ATTORNEY
OFFICE, Third Judicial
District, et al.,

                    Defendants.

### MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. §
1983 by an inmate of the Regional Correctional Center, Kansas City,
Missouri.[1]  Plaintiff has also filed an application to proceed
without prepayment of fees.  Having considered the materials filed,
the court finds that these pleadings are deficient.  Plaintiff is
given time to cure the deficiencies.

As the factual background for this complaint, plaintiff alleges
as follows.  On October 13, 2011, he was "stopped and apprehended"
when he was "numerous feet away from a parked car" in Topeka by
defendant CPL Patrick Salmon.  Officer Salmon asked Jones if the car
was his to which plaintiff responded "no" and that it belonged to

---

1    The court takes judicial notice of *U.S. v. Jones, et al.*, Case No.
12-00283-BCW-10 (W.D. Mo.) in which Mr. Jones is set to go to trial on January
7, 2010 for conspiracy to distribute cocaine.

a friend.   Officer Salmon searched the car "without reasonable cause" and found a "bag containing a hard white rock substance." Salmon wrongfully placed Jones under arrest for possession of narcotics and related offenses.   The search and seizure were conducted without a warrant and plaintiff was unlawfully detained. Plaintiff asserts that his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution were violated as well as rights under the Kansas Constitution.   He seeks "compensation" for lost wages, defamation of character, and emotional distress from being "falsely accused."   He also seeks compensation for each day he was wrongfully incarcerated in the Shawnee County Jail on drug charges and for funds used to post bond in Case No. 11-CR-2045.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

The court has considered plaintiff's Motion to Proceed without Prepayment of Fees.   The fee for filing a civil rights complaint is $350.00.   Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee.   Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[2]

---

[2]      Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten

2

Furthermore, § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees to obtain and submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The financial information provided by plaintiff is not certified and is not complete. It consists of entries for two of the requisite six months only. This action may not proceed until plaintiff either provides all the financial information required by federal law or shows cause why he is unable to provide the requisite information. Plaintiff is forewarned that if he fails to comply in the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Jones is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b);

---

dollars ($10.00) until the $350 filing fee has been paid in full.

28 U.S.C. § 1915(e)(2)(B).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Having screened all materials filed, the court finds that the complaint or portions of it are subject to being dismissed for the following reasons.

**IMPROPER DEFENDANTS**

Rule 10(a) of the Federal Rules of Civil Procedure requires that a plaintiff list all parties in the caption of the complaint. In his caption, plaintiff lists only two defendants: the District Attorney (DA) Office of the Third Judicial District and the Topeka Police Department (TPD). However, in the body of his complaint plaintiff also names Kelly McPherron and Charles F. Kitt of the DA Office, and CPL Patrick Salmon, an officer of the TPD. The court liberally construes the complaint as naming these three persons in addition to the two entities in the caption as the defendants in this lawsuit. If plaintiff disagrees with this construction, he must immediately notify the court.

### 1. District Attorney Office and Topeka Police Department

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The DA Office and the TPD are not proper defendants because neither is a "person" amenable to suit for damages under 42 U.S.C. § 1983.

Furthermore, a government agency like the TPD may not be held liable under § 1983 for the alleged unconstitutional acts of one of its officers unless the acts were the result of a policy or

established custom of that agency.  Plaintiff does not describe any policy or custom of the TPD and allege facts demonstrating that the challenged acts of Officer Salmon resulted from that policy.  It follows that plaintiff fails to state sufficient facts to recover against the TPD and the DA Office.

### 2. *Assistant District Attorneys*

In addition, plaintiff fails to allege sufficient facts to state a claim against the two assistant district attorneys named in the complaint, McPherron and Kitt.  It is well-settled that a prosecutor is absolutely immune from civil liability for actions taken during the judicial processes of initiating and prosecuting criminal charges. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Smith v. Barber*, 316 F.Supp.2d 992, 1026 (D.Kan. 2004); *Frischenmeyer v. Steed*, 2008 WL 2168919, *4 n. 5 (D.Kan. 2008)("When the alleged harm consists of wrongful imprisonment, . . . it 'clearly resulted from [the plaintiff's] criminal prosecution,' which is part of the judicial phase.")(citing *Gutierrez v. Vergari*, 499 F.Supp. 1040, 1051-52 (S.D.N.Y. 1980)).  "For example, a prosecutor is absolutely immune for actions taken during probable cause hearings," (*Burns v. Reed*, 500 U.S. 478, 492 (1991), or preparing for and seeking an indictment, *Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997)." *Barber*, 316 F.Supp.2d at 1026.  Plaintiff's claims against defendants McPherron and Kitt are based upon the fact that charges were filed against him.  Accordingly, the claims against these two

defendants are subject to dismissal based on prosecutorial immunity.

## CLAIM OF ARREST WITHOUT PROBABLE CAUSE

Defendant Officer Salmon is the only person alleged to have personally participated in plaintiff's arrest, the vehicle search and the drug seizure.  Consequently, Salmon is the only proper defendant as to these three claims.  Plaintiff's allegations that his arrest, the vehicle search and the drug seizure by defendant Salmon were without probable cause are deficient in that they are conclusory statements.

Plaintiff's conclusory statements with regard to his arrest fail to evince a constitutional deprivation, particularly in light of his factual allegations that he was detained and subjected to criminal proceedings.  Following an arrest without a warrant, the required course is to take the arrestee before a neutral officer for a probable cause determination.  *Gerstein v. Pugh*, 420 U.S. 103 (1975).  This determination is also a prerequisite to detention pending further criminal proceedings.  *Id. at* 112 (judicial determination of probable cause protects against unnecessary state infringement on individual's right to liberty); *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008).  As the Tenth Circuit has reasoned:

> If arrested without a warrant-and thus triggering "the Fourth Amendment require[ment of] a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest," Gerstein v. Pugh, 420 U.S. 103, 114, 95 S.Ct. 854, 43

>L.Ed.2d 54 (1975)-a plaintiff can challenge the probable cause determination made during the constitutionally-required probable cause hearing. (citation omitted).

*Wilkins*, 528 F.3d at 798-99.  Plaintiff alleges no facts suggesting that he was not afforded a probable cause hearing after his arrest. Nor does he allege any facts suggesting that the hearing failed to result in a judicial finding of probable cause or otherwise violated due process.  His allegation that the charges were eventually dismissed does not, standing alone, establish that his arrest was without probable cause.

## CLAIM OF ILLEGAL SEARCH OF VEHICLE AND SEIZURE OF EVIDENCE

The allegations in the complaint regarding defendant Salmon's search of the vehicle do not show that Mr. Jones has standing to assert a claim of illegal search or seizure.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008); see U.S. CONST. amend. IV.  Mr. Jones alleges that the vehicle was not his and that he was not aware of the illegal drugs found in that vehicle.  He does not explain how the search and the seizure of this particular property violated his Fourth Amendment rights when he had no possessory or ownership interest in it.  He alleges that charges against him were dismissed by the prosecution after a defense motion

8

to suppress was granted.   However, he does not allege that the judge
found in granting the motion that there had been an illegal search
or seizure of property owned or possessed by him.   Nor does he allege
facts indicating that the evidence seized in this incident was used
to convict him of a crime.

**CLAIM OF WRONGFUL DETENTION**

"The fundamental issue in a claim for false imprisonment is
whether probable cause existed to support the arrest."   *Barber*, 316
F.Supp.2d at 1024 (citing *Arceo v. City of Junction City*, Kan., 182
F.Supp.2d 1062, 1091 (D.Kan. 2002)).   "Further, a plaintiff
asserting a false imprisonment claim must demonstrate that a law
enforcement official 'acted with deliberate or reckless intent to
falsely imprison the plaintiff.'"   *Id.* (citing *Romero v. Fay*, 45 F.3d
1472, 1480 (10th Cir. 1995)("[A] police officer does not commit false
imprisonment merely by arresting an individual who happens to be
innocent; . . . rather, a plaintiff states a claim for false
imprisonment in violation of § 1983 by specifically alleging facts
that show a government official acted with deliberate or reckless
intent to falsely imprison the plaintiff.")(citations omitted)).

Plaintiff's conclusory allegation that there was no probable
or lawful cause for his detention prior to dismissal of the charges
is likewise called into question by the requirement that in the normal
course he must have been taken before a neutral official for a

probable cause determination. *See Taylor v. Waters*, 81 F.3d 429, 436 (4th Cir. 1996)("[D]etermination of probable cause by detached judicial officer that complies with Fourth Amendment constitutes all of the process due in order to constitutionally detain an accused pending trial.")(citing *Baker v. McCollan*, 443 U.S. 137, 142-46 (1979)).  Moreover, his own allegations indicate that he was allowed to post bond, and he does not even disclose how long he was actually held in pretrial custody.  In addition, plaintiff alleges no facts showing that any defendant acted with deliberate or reckless intent to falsely imprison him.  *See Barber*, 316 F.Supp.2d at 1025.  In short, plaintiff does not allege sufficient facts to show that his pretrial detention was without either probable cause or due process.

## CLAIM OF MALICIOUS PROSECTION

Plaintiff does not expressly assert a claim of malicious prosecution.  However, he complains that charges were filed on him by defendants DA Office, McPherron, and Kitt, "which were unfruitful" and without "reasonable cause."  He claims that a warrant issued and he was detained in the Shawnee County Jail as a result.  He also claims that he should be compensated for lost wages, defamation, and emotional distress.

Under Tenth Circuit cases, a § 1983 malicious prosecution claim includes the following elements:

(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action

10

terminated in favor of the plaintiff; (3) there was no
probable cause to support the original arrest, continued
confinement, or prosecution; (4) the defendant acted with
malice; and (5) the plaintiff sustained damages.

*Wilkins*, 528 F.3d at 799 (citing *Novitsky v. City of Aurora*, 491 F.3d

1244, 1258 (10th Cir. 2007)(citing *Pierce v. Gilchrist*, 359 F.3d 1279,

1291-97 (10th Cir. 2004)).

As previously discussed, plaintiff has not alleged sufficient

facts to establish a lack of probable cause. "A law enforcement

officer cannot be held liable for malicious prosecution based upon

an alleged wrongful arrest if there has been an independent hearing

before a judge who determined that the evidence was sufficient to

detain a suspect." *Barber*, 316 F.Supp.2d at 1026 (citing *Taylor v.*

*Meachum*, 82 F.3d 1556, 1564 (10th Cir. 1996)). "The hearing before

a judicial officer breaks 'the chain of causation' between an alleged

wrongful arrest and eventual prosecution." *Id.* He has alleged no

facts showing that the participating defendants acted with malice.

His allegations that he sustained damages of lost wages, defamation,

and emotional distress are completely conclusory. In any event, as

found previously herein, the defendants that made decisions

regarding his prosecution are entitled to immunity.

Mr. Jones is given time to cure the deficiencies in his claims

discussed in this Memorandum and Order. If he fails to do so within

the time allotted, this action may be dismissed without further

notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days to provide the certified statement of his inmate account for the appropriate six-month period to support his motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period, he is required to cure the deficiencies in his complaint that have been discussed herein.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2012, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge